UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| Tiera Johnson-Robinson<br>　　　Plaintiff,<br><br>v.<br><br>KLS Financial Services, Inc.<br>　　　Defendant, | ) <br> ) <br> ) <br> ) Case No. 3:25-cv-688 <br> ) <br> ) <br> ) JURY TRIAL DEMANDED <br> ) <br> ) |

COMPLAINT AND DEMAND FOR JURY TRIAL

I. INTRODUCTION

1. Plaintiff brings this action against Defendant for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., arising from Defendant's continued debt collection communications after receiving written notice to cease, in violation of 15 U.S.C. § 1692c(c).

II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Venue is proper in this District as the Plaintiff resides in Charlotte, North Carolina, and the Defendant transacts and conducts business in this District.

1

## III. PARTIES

3. Tiera Johnson (hereinafter "Plaintiff") is a natural person and is a consumer as defined by 15 U.S.C. § 1692a(3).

4. KLS Financial Services, Inc. is a North Carolina corporation. The Registered Agent is William V Krebs at 991 Aviation Parkway Ste 500, Morrisville, NC 27560.

5. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6), and is engaged in the business of collecting consumer debts. Defendant also conducts business in North Carolina and attempts to collect consumer debts.

## IV. FACTS OF THE COMPLAINT

6. At a date better known by the defendant, Defendant started attempting to collect a consumer debt from the Plaintiff through different means of communication.

7. Plaintiff noticed this account being furnished on her credit report & noticed the frequent debt collection attempts from the Defendant for an alleged of $321.

8. Plaintiff was in a tough financial position at the time of Defendant collection attempts. On or about February 24, 2025, Plaintiff wrote a letter to the Defendant explicitly refusing to pay this debt pursuant to 15 U.S.C. § 1692c(c), due to limited resources and other financial priorities.

9. This letter was sent USPS certified mail, with the tracking number 9207 1902 3589 0900 0030 7772 11. Defendant received this letter on February 28, 2025 @5:54pm.

10. Under § 1692c(c), if a consumer notifies a debt collector in writing that she refuses to pay a debt, the debt collector shall not communicate further with respect to the debt. Despite Plaintiff's explicit written refusal to pay the alleged debt, Defendant continued to contact Plaintiff regarding the alleged debt. Plaintiff was called at least 3 additional times, including on April 10, 2025, May 22, 2025 & July 10, 2025. All communications were in direct violation of 15 U.S.C. § 1692c(c).

11. Defendant's continued communications after receipt of Plaintiff's written refusal to pay were knowing, willful, and part of a pattern or practice of ignoring consumer rights under the FDCPA. This pattern demonstrates an intentional disregard for the law and the rights of the plaintiff, warranting the maximum statutory damages permitted under 15 U.S.C. § 1692k(a)(2)(A).

12. As a direct and traceable result of Defendant's unlawful conduct, Plaintiff has suffered actual damages, including but not limited to significant emotional distress, humiliation, anxiety, and mental anguish.

## V. FIRST CLAIM FOR RELIEF

*<u>Violations of 15 U.S.C. § 1692c(c) – Failure to Cease Communication</u>*

13. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

14. Defendant violated 15 U.S.C. § 1692c(c) by continuing to communicate with Plaintiff after receiving her written refusal to pay the alleged debt. Under the FDCPA, even a single prohibited communication after such notice constitutes a violation.

## VI. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against Defendant for:

1. Judgment for violations of the FDCPA;
2. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
3. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);
4. Prejudgment interest on all monetary awards;
5. That actual and statutory damages be awarded cumulatively, not in the alternative.
6. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and
7. Such other and further relief as the Court may deem just and proper.

Respectfully submitted on September 10, 2025, by:

Marcel A. McCrea, Esq.
Phillips and McCrea, PLLC
PO Box 30453
Charlotte, NC 28230
T.: 980.225.9072
F: 980.225.9080
E: marcel@lawpm.com